# DOMINGUEZ v WALKER d/b/a/ WALKER VAN LINES
## Case No. M-85-3840-C
County Court, Palm Beach County

August 4, 1986

### APPEARANCES OF COUNSEL

**Peter M. Evans, Evans, Press & Sharff, P.A.,** and **Terrell K. Arline** for plaintiff.

**T. J. Cunningham** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

This case came before the Court for nonjury trial on July 24, 1986. Both parties were present and well represented by counsel. The Court heard sworn testimony and received documents into evidence. Based on

the evidence presented, the Court makes findings of fact and draws conclusions of law as follows:

Plaintiff's Second Amended Complaint seeks various items of damages, punitive damages and attorneys' fees under the Florida Deceptive and Unfair Trade Practices Act, Section 501.201, Florida Statutes (1985) *et seq.* There is no claim that Defendant did not perform quality services nor that the ultimate charges for the services were unreasonable. The issue in this case is whether the method by which Defendant secured Plaintiff's business is a violation of the Act.

Section 501.204, Florida Statutes (1985) declares unlawful "unfair or deceptive acts or practices in the conduct of any trade." A practice is "unfair" when it "offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Urling v. Helms Exterminators, Inc.,* 468 So.2d 451, 453 (Fla. 1st DCA 1985).

Defendant's conduct concerning the estimate constituted a violation of Section 501.204. By his own testimony, Defendant treated the estimate he wrote as the "approximate cost of what a service may come to." However, on its face, the estimate appears to be a flat charge for the entire moving job. With certain exceptions, the estimate contains no limitation or disclaimer that the prices quoted were subject to revision based on actual work done. The estimate for packing is a flat fee of $175.00 with no indication that an hourly rate would be charged. The estimate contains no charge whatsoever for warehouse labor charges. Based on the estimate and discussions between the parties, the consumer could reasonably except that the packing and warehouse labor charges would be those indicated in the estimate. The time for renegotiation or clarification is not when the consumer's goods are locked in the back of a mover's truck.

Where a violation of the Act has been established, a consumer may recover "actual damages" § 501.211(2), Florida Statutes (1985). The definition of "actual damages" applied by Florida courts excludes recovery of consequential damages and limits a consumer's recovery to those damages attributable to the diminished value of the service received. *See, Urling v. Helms Exterminators, Inc.,* 468 So.2d at 454; *Rollins, Inc. v. Heller,* 454 So.2d 580, 585 (Fla. 3d DCA 1984). Plaintiff is thus entitled to recover damages as follows:

$297.10 (increased packing charge)

$150.00 (unquoted warehouse labor charges)

*$120.00 (increased storage charge)*

**35**

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff, WILLIAM DOMINGUEZ, recovers from Defendant, THERMON WALKER d/b/a WALKER VAN LINES, the sum of Five Hundred Sixty-seven and $^{10}\!/_{100}$ Dollars ($567.10) with court costs of Fifty Dollars ($50.00), with interest at twelve percent (12%) per annum, for which let execution issue. The Court reserves jurisdiction hereof to assess interest, additional costs, if any, and attorneys' fees pursuant to Section 501.2105, Florida Statutes (1985).

DONE AND ORDERED in West Palm Beach, Palm Beach County, Florida this 4th day of August, 1986.